# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| CARLOS G. BALDOCEDA and MARGARITA ) | |
| A. BALDOCEDA, ) | Case No. 13 B 48387 |
| ) | |
| Debtors. ) | Hon. Janet S. Baer |
| ) | |
| ) | Date: July 13, 2016 |
| ) | Time: 9:30 a.m. |

## NOTICE OF MOTION

To:     See Attached Service List

PLEASE TAKE NOTICE that on **July 13, 2016 at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Hon. Janet S. Baer, Bankruptcy Judge, or such other judge as may be sitting in her stead, in Courtroom 615, in the Dirksen Federal Courthouse, 219 S. Dearborn St, Chicago, Illinois and shall then and there present the attached **FINAL APPLICATION OF ARNSTEIN & LEHR LLP FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD NOVEMBER 1, 2015 THROUGH JUNE 8, 2016**, at which time and place you may appear as you see fit.

BRENDA PORTER HELMS, not individually but solely as Chapter 7 Trustee for the estate of Carlos G. Baldoceda and Margarita A. Baldoceda

By:    /s/ *Kevin H. Morse*
         One of her Attorneys

Barry A. Chatz (06196639)
Kevin H. Morse (06297244)
William A. Williams (6321738)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288

113277865.1

# **CERTIFICATE OF SERVICE**

     I, Kevin H. Morse, an attorney, certify that I caused a copy of the attached Notice of Motion and Application to be served on the parties listed on the attached Service List, via U.S. Mail, postage pre-paid, in addition to the party receiving it by personal service and those parties receiving notification by participation in the Court's ECF system on June 16, 2016.

                                       /s/ *Kevin H. Morse*          .

*Via ECF*:

Robert R Benjamin on behalf of Defendant Carlos G. Baldoceda
rrbenjamin@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com;kkussmann@golanchristie.com

Beverly A Berneman on behalf of Defendant Carlos G. Baldoceda
baberneman@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;myproductionss@gmail.com;tstephenson@golanchristie.com

Barry A Chatz on behalf of Trustee Brenda Porter Helms, ESQ
bachatz@arnstein.com,
jbmedziak@arnstein.com

Anthony J. D'Agostino on behalf of Defendant Carlos G. Baldoceda
ajdagostino@golanchristie.com,
lreuther@golanchristie.com;mperez@golanchristie.com;aprior@golanchristie.com;tstephenson@golanchristie.com

Maria A Diakoumakis on behalf of Creditor Fidelity National Title Insurance Co.
mdiakoumakis@dykema.com,
DocketCH@dykema.com

Maria A Diakoumakis on behalf of Plaintiff Chicago Title Insurance Company
mdiakoumakis@dykema.com,
DocketCH@dykema.com

David R Doyle on behalf of Creditor Shaw Fishman Glantz & Towbin LLC
ddoyle@shawfishman.com,
kjanecki@shawfishman.com

Jeffrey W Finke on behalf of Witness Renlin Xia
jwfinke@mindspring.com

Brenda Porter Helms, ESQ
brenda.helms@albanybank.com,
bhelms@ecf.epiqsystems.com

Brenda Porter Helms, ESQ on behalf of Trustee Brenda Porter Helms, ESQ
brenda.helms@albanybank.com,
bhelms@ecf.epiqsystems.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

David P Lloyd on behalf of Debtor Carlos G. Baldoceda
courtdocs@davidlloydlaw.com

David P Lloyd on behalf of Defendant Carlos G. Baldoceda
courtdocs@davidlloydlaw.com

David P Lloyd on behalf of Joint Debtor Margarita A. Baldoceda
courtdocs@davidlloydlaw.com

Kevin H Morse on behalf of Plaintiff Brenda Porter Helms, not individually but as Trustee of the estate of Carlos G. Baldoceda and Margarita A. Baldoceda

2

khmorse@arnstein.com

Kevin H Morse on behalf of Trustee Brenda Porter Helms, ESQ
khmorse@arnstein.com

David A. Newby on behalf of Creditor Bankers Healthcare Group, Inc.
dnewby@comananderson.com,

lholub@comananderson.com

Daniel Rubin on behalf of Creditor BMO HARRIS BANK
drubin@howardandhoward.com

Jeffrey Snell on behalf of U.S. Trustee Patrick S Layng
jeffrey.snell@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NOTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| CARLOS G. BALDOCEDA and MARGARITA ) | |
| A. BALDOCEDA, ) | Case No. 13 B 48387 |
| ) | |
| Debtors. ) | Hon. Janet S. Baer |
| ) | |
| ) | Date: July 13, 2016 |
| ) | Time: 9:30 a.m. |

**FINAL APPLICATION OF ARNSTEIN & LEHR LLP**
**FOR COMPENSATION AND REIMBURSEMENT FOR EXPENSES**
**FOR PERIOD NOVEMBER 1, 2015 THROUGH JUNE 8, 2016**

Barry A. Chatz, Michelle G. Novick and Kevin H. Morse of Arnstein & Lehr LLP (collectively, "A&L"), counsel for Brenda Porter Helms, not individually but solely as the Chapter 7 Trustee (the "Trustee") for the estate of Carlos G. Baldoceda and Margarita A. Baldoceda, pursuant to 11 U.S.C. §§ 330, 331 and 503(b)(2), applies to this Court for the entry of an order: (a) approving compensation to A&L in the amount of $21,038.50 and the reimbursement of expenses in the amount of $220.00 for the period November 1, 2015 through June 8, 2016; (b) approving final compensation to A&L in the amount of $116,844.50 and reimbursement of expenses to A&L in the amount of $2,053.90 for the period August 18, 2015 through June 8, 2016; and (c) authorizing the Trustee to pay A&L outstanding allowed compensation in the amount of $50,000.00 and to reimburse A&L for outstanding allowed expenses in the amount of $838.75 for the period August 18, 2015 through June 8, 2016. In support thereof, A&L respectfully states as follows:

1

**Background**

1.      On December 19, 2013 (the "Petition Date"), Carlos G. Baldoceda and Margarita A. Baldoceda (collectively, the "Debtors") filed a voluntary joint petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

2.      On March 18, 2014, the Debtors' voluntarily converted the Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code [Dkt. #27]. The next day, the Trustee was appointed Chapter 7 Trustee for the Debtors' estates [Dkt. #28].

3.      On August 26, 2014, the Court entered an order granting the Trustee's employment of A&L as her counsel, retroactive to August 18, 2014 [Dkt. #100]. A&L was employed for the purpose of, *inter alia*, locating and investigating potential assets of the Debtors, including, but not limited to, property listed or omitted from their bankruptcy schedules.

4.      That same day, the Court approved the Debtors' voluntary waiver of their respective discharge [Dkt. #101].

5.      After approval of its employment, A&L met with the Office of the United States Trustee to discuss the facts of the case and numerous potential admissions and misstatements the Debtors made in their § 341(a) meetings and Rule 2004 depositions. A&L subsequently conducted its own review of the multiple examinations and documents filed and produced in the bankruptcy case. From August 18, 2015 to October 31, 2015, A&L located and recovered more than $128,000 on behalf of the Trustee based on the following services:

**A.     The Accountant and Attorney**

6.      On October 7, 2014, A&L filed adversary proceedings against the former attorney and accountant for the Debtors. Based on the Debtors' schedules and numerous statements in their examinations, revealed that the accountant and attorney were holding more than $23,000 in an escrow account on behalf of the Debtors.

2

7. After the filing of the adversary proceedings, the accountant and attorney entered into a settlement with the Trustee [Dkt. #107]. The settlement provided for the payment of $20,287 from the accountant and attorneys. On November 25, 2014, the Court entered an order approving the Trustee's settlement with the accountant and attorney [Dkt. #108].

**B.      Fraudulent Transfers to Daughters**

8. During the § 341(a) meeting of creditors and her respective Rule 2004 examination, debtor Margarita Baldoceda testified that during the four year period prior to the Petition Date she made weekly transfer in cash to her daughters.

9. A&L undertook extensive investigation into Margarita Baldoceda's statements made under oath related to transfers to her daughters, Ursula and Blanca, and subsequently issued demand letters to the respective daughter. A&L's investigation revealed that the Debtors transferred more than $160,000 to their daughter Blanca and then-fiancee. The investigation also revealed that the Debtors transferred approximately $70,000 to their daughter Ursula and her then-fiancee.

10. After lengthy negotiations, the Trustee entered into a settlement agreement with Ursula and her husband without the filing of an adversary proceeding. On September 1, 2015, the Court entered an order approving the settlement between the Trustee and Ursula and her husband [Dkt. #122]. This settlement recovered $18,125.00 on behalf of the bankruptcy estate.

11. The Trustee's negotiations with daughter Blanca and her husband required the filing of an adversary proceeding. On June 4, 2015, the Trustee filed an adversary proceeding against daughter Ursula and her husband (collectively, the "<u>Dobbins</u>") [Dkt. #116]. The Dobbins filed a motion to dismiss Count I of the Trustee's complaint and answered the remainder of the complaint. Further negotiations between the Trustee and Dobbins resulted in a settlement between the parties. On September 1, 2015, the Court entered an order approving the settlement

3

between the Trustee and Dobbins [Dkt. #123]. This settlement recovered an additional $90,000 on behalf of the bankruptcy estate.

C.   **Debtors' Business Transactions and Investment Account**

12.   A&L's investigation further uncovered that the Debtors made significant transfers and other transactions within the four (4) year period prior to and after the Petition Date.

13.   On August 20, 2015, the Trustee was notified that the Debtors were entitled to exchange undisclosed, prepetition stock shares they owned for shares in a publicly traded company. The exchange would provide the Debtors with 134 shares in the publicly traded company with a total value of approximately $15,000, plus accrued dividends. The Trustee sought turnover of the value of the exchanged shares and, on October 14, 2015, the Court entered an order compelling the Debtors to turnover the value of shares plus accrued dividends [Dkt. #126].

14.   A&L also discovered that prior to the Petition Date, debtor Dr. Carlos Baldoceda owned several parcels of commercial real estate and equity in a medical practice, all of which were transferred to his former business partner Dr. Renlin Xia. Carlos Baldoceda also owned interests in other businesses. On June 9, 2015, the Court entered an order authorizing the Trustee to conduct Rule 2004 examinations of fourteen (14) individuals and businesses, including Carlos Baldoceda and Dr. Xia. The Rule 2004 examinations were conducted and produced extensive documentation and testimony related to the Debtor's prepetition transfer of assets.

**A&L's First Interim Fee Application**

15.   On November 18, 2015, based on the services described above, A&L filed its First Interim Fee Application (the "First Fee Application"). The First Fee Application requested the Court's approval of $95,806.00 as interim compensation to A&L and $1,850.40 for the reimbursement of expenses for the period August 8, 2015 through October 31, 2015 (the "First

4

Interim Period"). However, to avoid exhausting the bankruptcy estate's funds, the First Fee Application provided for the Trustee to pay A&L only $50,000.00 as interim compensation and $1,850.40 in reimbursement of expenses at that time. Accordingly, the First Fee Application left $45,806.00 in allowed compensation and $618.75 in expenses to be paid by the Trustee to A&L at a later date.

16. On December 9, 2015, the Court entered an order granting A&L's First Fee Application (the "First Compensation Order"). The First Compensation Order allowed the full amount of $95,806.00 in interim compensation and $1,833.90 for the reimbursement of expenses. Additionally, the First Compensation Order authorized the Trustee to pay A&L $50,000 in interim compensation and $1,215.15 for the reimbursement of expenses. The Trustee has paid A&L these amounts. Thus, A&L is still owed $45,806.00 as interim compensation and $618.75 for the reimbursement of expenses for services rendered during the First Interim Period.

## Narrative Summary of Services

17. A narrative summary of the services rendered by A&L during the period November 1, 2015 through June 8, 2016 (the "Application Period") is set forth below. During the application period, A&L rendered services to the Trustee, including *inter alia*: advising the Trustee on potential litigation against Dr. Xia; representing the Trustee in settlement negotiations with Dr. Xia; preparing and reviewing the settlement agreement with Dr. Xia; advising the Trustee on the closing of property from funds distributed to Dr. Baldoceda's profit sharing plan; preparing the Motion to Settle and Release Lien; attending the hearing on A&L's First Fee Application; preparing and filing A&L's First Fee Application; and preparing and filing A&L's Final Fee Application.

18.     For these services, A&L requests compensation in the amount of $21,038.50. Itemized and detailed descriptions of the specific services rendered by A&L to the Trustee are reflected on the billing statement attached hereto as **Exhibit A**. The billing statements set forth the name of each professional, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each professional in each category.

19.     The time expended by each billing professional is set forth below and summarized as follows:

| Attorney / Professional | Specialty | Hours | 2015 Hourly Rate | 2016 Hourly Rate | Total |
|---|---|---|---|---|---|
| Barry A. Chatz | Bankruptcy | 0.9 | $648.00 | --- | $583.20 |
| Michelle G. Novick | Bankruptcy | 36.0 | $477.00 | $486.00 | $17,281.80 |
| Kevin H. Morse | Bankruptcy | 6.9 | $315.00 | --- | $2,173.50 |
| William A. Williams | Bankruptcy | 4.0 | -- | $250.00 | $1,000.00 |
|  | **TOTAL:** | **37.8** |  |  | **$21,038.50** |

20.     The hourly rates listed above and on Exhibit A represent a 10% reduction from A&L's normal hourly rate. There has been no duplication of services, either by partners or associates of A&L. When two or more attorneys participated in any activity, such joint participation was necessary as a result of either the complexity of the problems involved or the need to strategize the matters at issue so that each attorney could perform further necessary work.

21.     **Exhibit B** lists expenses, such as UPS delivery, postage, and transportation to and from court. A&L seeks $220.00 in expenses as summarized below and set forth in Exhibit B:

6

113277865.1

| **Expense Category** | **Cost:** |
|---|---:|
| UPS delivery | $12.75 |
| Postage | $186.00 |
| Transportation (via taxi) | $21.25 |
| **Total** | **$220.00** |

22. A&L respectfully submits that the fees and expenses sought herein are reasonable given the nature, extent, and value of the services rendered, the quality and skill that the situation required, and the costs of comparable services in similar cases under Chapter 7. A&L further attests that time has been fairly and properly expended.

23. In total, A&L has generated fees in the amount of $116,844.50 and expenses of $2,053.90. A&L requests final payment of $50,000 to bring the total amount paid to A&L in compensation to $100,000. A&L also requests to be reimbursed $838.75 for expenses to bring the total reimbursement of expenses to $2,053.90.

## Notice

24. A copy of the Application has been sent to the Debtor and all parties entitled to notice, including the Office of the United States Trustee. Twenty-one (21) days' notice of the Application and hearing date has been sent to all creditors of the estate and all parties entitled to notice.

WHEREFORE, Arnstein & Lehr LLP respectfully requests that the Court enter an order:

A. Approving compensation to A&L in the amount of $21,038.50 and the reimbursement of expenses in the amount of $220.00 for the period November 1, 2015 through June 8, 2016;

B.  Approving final compensation to A&L in the amount of $116,844.50 and reimbursement of expenses to A&L in the amount of $2,053.90 for the period August 18, 2015 through June 8, 2016; and

C.  Authorizing the Trustee to pay A&L outstanding allowed compensation in the amount of $50,000.00 and to reimburse A&L for outstanding allowed expenses in the amount of $838.75 for the period August 18, 2015 through June 8, 2016.

D.  Granting such other and further relief as the Court deems just and proper.

> BRENDA PORTER HELMS, not individually but solely as Chapter 7 Trustee for the estate of Carlos G. Baldoceda and Margarita A. Baldoceda
>
> By:  */s/ Kevin H. Morse*
>      One of her Attorneys
>
> Barry A. Chatz (06196639)
> Kevin H. Morse (06297244)
> William A. Williams (6321738)
> ARNSTEIN & LEHR LLP
> 120 S. Riverside Plaza, Suite 1200
> Chicago, IL 60606
> Tel: (312) 876-7100
> Fax: (312) 876-0288

8

113277865.1